UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LARRY GIBBS, JR., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:15-cv-01958-GMN-NJK |
| DR. MARIA FEY et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |
| _____ | ) | |

## I. DISCUSSION

Defendant Kyle Ziemann[1] is the only remaining defendant in this case. (*See* ECF No. 4 at 2). On April 22, 2016, this Court issued an order staying the case for 90 days to give Plaintiff and Defendant Ziemann an opportunity to settle their dispute before the filing fee was paid, an answer was filed, or the discovery process began. (*Id.*). The Court directed the Attorney General's Office to notify the Court whether it would enter a limited notice of appearance on behalf of Defendant Ziemann for the purpose of settlement. (*Id.* at 3).

On May 13, 2016, the Attorney General's Office informed the Court that it could not make a limited appearance for the purpose of settlement because Defendant Ziemann was no longer employed by the Nevada Department of Corrections. (ECF No. 6 at 1). The Attorney General's Office explained that it could not appear on Defendant Ziemann's behalf because it had not received a request for representation from him. (*Id.*).

On June 16, 2016, this Court entered an order directing the Attorney General's Office to send a letter to Defendant Ziemann, at his last known address, informing him that he was a defendant in this lawsuit and asking whether he would like the Office to represent him in this

---

[1] The Attorney General's Office has indicated that the correct spelling of Defendant "Sgt. Zieman" is "Kyle Ziemann." (ECF No. 12 at 1).

1 matter. (ECF No. 9 at 2). The Court directed the Attorney General's Office to file an updated
2 notice regarding whether it would enter a limited notice of appearance in light of its
3 communication with Defendant Ziemann. (*Id.*). The Court noted that, if the Attorney
4 General's Office was unable to enter a limited notice of appearance, the Court would enter a
5 subsequent order that: (1) removed the case from the early inmate mediation program, (2)
6 ruled on the application to proceed *in forma pauperis*, and (3) began the service process with
7 the U.S. Marshal's Office. (*Id.*).

8 In compliance with this Court's order, the Attorney General's Office has filed an updated
9 notice informing the Court that it cannot enter a limited notice of appearance for Defendant
10 Ziemann because he has failed to respond to the two letters[2] that the Office has sent him
11 regarding legal representation. (ECF No. 12 at 1-2).

12 The Court now removes this case from the early inmate mediation program. With
13 respect to the application to proceed *in forma pauperis* (ECF No. 1), the Court finds that
14 Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28
15 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full
16 $350.00 filing fee when he has funds available.

17 **II.   CONCLUSION**

18 For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in*
19 *forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. Plaintiff
20 shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still
21 be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The
22 movant herein is permitted to maintain this action to conclusion without the necessity of
23 prepayment of fees or costs or the giving of security therefor. This order granting *in forma*
24 *pauperis* status shall not extend to the issuance and/or service of subpoenas at government
25 expense.

---

27 [2] The Court grants the Attorney General's Office's motion to seal exhibits B and C, the
28 two letters sent to Defendant Ziemann, in order to maintain the privacy of Defendant Ziemann's last known physical address. (ECF No. 13).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Larry Gibbs, Jr., #90051** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that this case is removed from the early inmate mediation program.

**IT IS FURTHER ORDERED** that the motion to compel the Attorney General's Office to notify Defendant Ziemann of this lawsuit (ECF No. 11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion for leave to file exhibits under seal (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ISSUE** a summons for Defendant Kyle Ziemann, **AND DELIVER THE SAME**, along with the complaint (ECF No. 5), to the U.S. Marshal for service. The Clerk also **SHALL SEND** to Plaintiff **one (1)** USM-285 form, one copy of the complaint and a copy of this order. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to each Defendant on each form.[3] Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the

---

[3] Plaintiff shall indicate that Defendant Ziemann's address has been filed under seal with the Court. (*See* ECF No. 14).

unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant(s) or counsel for the Defendant(s). The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: This 18th day of July, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge