UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY GIBBS, JR., <br> Plaintiff(s), <br> vs. <br> DR. MARIA FEY, et al., <br> Defendant(s). | Case No. 2:15-cv-01958-GMN-NJK <br> **ORDER** <br> (Docket No. 21) |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant Ziemann, to serve Defendant Ziemann by alternative means, and to amend his complaint. Docket No. 21.

**I.   MOTION TO EXTEND**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendant Ziemann by 60 days from today's date.

**II.   MOTION FOR ALTERNATIVE SERVICE**

"Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). This Court cannot, however, make decisions on a *pro se* litigant's behalf regarding how his case should proceed. In this case, the United States Marshal Service was unsuccessful in serving Defendant Ziemann at his last known address. *See* Docket No. 18. As the Court has previously explained, in those circumstances Plaintiff must advise the Court of the specific relief he seeks in order to effectuate

service: he must either (1) provide the Court with a fuller name or different address at which Defendant Ziemann may be served or (2) specify an alterative means of service that he would like to rely upon in lieu of service by the United States Marshal. *See* Docket No. 16 at 3-4; Docket No. 20.

The pending motion asks the Court to determine a proper means by which to effectuate service for Plaintiff. *See, e.g.*, Docket No. 21 at 4 (asking the Court to "consider plausible options to complete service"). The Court declines to act as Plaintiff's attorney. Plaintiff must specify the relief he seeks, including the particular type of alternative service he seeks. Plaintiff must also explain why that relief would be proper. The request for the Court to consider possible alternative means for service will be denied.

The pending motion also discusses the possibility that the State may have obtained additional information as to Defendant Ziemann's whereabouts. *See* Docket No. 21 at 4. The Court construes this aspect of the motion as a request for the Attorney General's Office to advise the Court if N.D.O.C. has received a last-known address for Defendant Ziemann other than the address previously provided. This aspect of the motion will be granted.

### III.   MOTION FOR LEAVE TO AMEND

Plaintiff previously advised the Court that he wished to proceed with his case against Defendant Ziemann as screened, rather than attempting to amend his complaint. Docket No. 3. Plaintiff now wishes to change course by seeking to amend the complaint. *See* Docket No. 4-6. Plaintiff has not, however, complied with the basic requirements for seeking leave to amend, including attaching the proposed amended complaint that he wishes to file. *See, e.g.*, Docket No. 2 at 7 (requiring the filing of a proposed amended complaint); Local Rule 15-1(a). In short, the pending request is not properly before the Court and will be denied.

If Plaintiff wishes to amend his complaint, he shall file a "Motion for Leave to Amend the Complaint" that attaches the proposed amended complaint that he seeks to file. Once that has been filed, the Court can fully evaluate whether to allow the amendment.

### IV.   CONCLUSION

For the reasons outlined more fully above, the motion at Docket No. 21 is **GRANTED** in part and **DENIED** in part as follows:

- The time for Plaintiff to serve Defendant Ziemann is **EXTENDED** by 60 days from today's date;
- The request for the Court to consider possible alternative means for service is **DENIED**;
- The request for an order seeking further information from the Attorney General's Office is **GRANTED**;
- The Clerk's Office is **INSTRUCTED** to serve a copy of this order on Deputy Attorney General Tiffany Breinig and Ms. Breinig shall file, no later than November 14, 2016, a further notice indicating whether a new last-known address has been obtained by N.D.O.C. for Defendant Ziemann (and filing that last-known address under seal if it has been obtained).
- The motion for leave to amend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: October 27, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE