UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY GIBBS, JR., <br>                 Plaintiff(s), <br> vs. <br> DR. MARIA FEY, et al., <br>                 Defendant(s). | Case No. 2:15-cv-01958-GMN-NJK <br><br> **REPORT AND RECOMMENDATION** |

      Pending before the Court is Plaintiff's motion to compel service through the Nevada Department of Corrections, or alternatively to amend the complaint. Docket No. 26. Also pending before the court is a second motion to amend the complaint. Docket No. 27. The Court provided the State with an opportunity to respond to the motion to compel service, Docket No. 28, which it did, Docket No. 29. Plaintiff filed a reply. Docket No. 30. The Court finds the motions properly decided without a hearing. *See* Local Rule 78-1.

      For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to compel service be **DENIED** and the claims against Defendant Ziemann[1] be **DISMISSED** without prejudice for failure to effectuate service. The undersigned further **RECOMMENDS** that the motions for leave to amend the complaint be **DENIED**, and that this case be **CLOSED**.

---

[1] The complaint and certain documents refer to Defendant as "Zieman," but the correct spelling of his name is "Ziemann." Docket No. 12 at 1.

## I. BACKGROUND

On March 22, 2016, the Court screened Plaintiff's complaint. Docket No. 2. In doing so, the Court found that Plaintiff stated a claim for deliberate indifference against Defendant Ziemann, but found that a claim had not been stated with respect to any other Defendant. *Id.* The Court instructed Plaintiff that he could either (1) file an amended complaint within 30 days or (2) proceed with his case only with respect to the claim against Defendant Ziemann. *Id.* at 7. Accordingly, the deadline to amend the complaint was established as April 21, 2016. Plaintiff responded to the screening order by filing a letter:

> Her Honor allowed me 30 days from the date of the mentioned order to cure certain deficiencies, and then subsequently amend the complaint. After an assiduous perusal of Judge Navarro's decree, I have decided not to amend my original litigation. Therefore I wish to inform the court that at times already promulgated by her Honor, and set forth in her mandate last month, I'm prepared to move forward against Defendant Ziemann only. At this juncture, I ask that the clerk of court advise Judge Navarro of Plaintiff's resolution.

Docket No. 3. In short, Plaintiff made a decision to forego his opportunity to amend his complaint and to instead proceed on his single claim against Defendant Ziemann. As such, the Court ordered that "this action shall proceed on the deliberate indifference to serious medical needs claim against Defendant Ziemann only." Docket No. 4.

On May 13, 2016, the Nevada Attorney General's Office filed a notice that Defendant Ziemann is no longer employed by the Nevada Department of Corrections and had not requested representation in this suit. Docket No. 6. Accordingly, the Nevada Attorney General's Office could not appear on behalf of Defendant Ziemann. *Id.* On June 16, 2016, the Court issued an order requiring the Nevada Attorney General's Office to send a letter to Defendant Ziemann at his last known address informing him that he is a defendant in this lawsuit, and to file a notice whether it would appear on Defendant Ziemann's behalf. Docket No. 9. On July 15, 2016, the Nevada Attorney General's Office filed a notice indicating that Defendant Ziemann had not responded to its letter regarding legal representation. Docket No. 12. As a result, the Nevada Attorney General's Office continued to represent that it was unable to appear on behalf of Defendant Ziemann. *Id.*

On July 18, 2016, the Court ordered that Plaintiff must furnish the required form to the United States Marshal Service to attempt service at Defendant Ziemann's last known address. Docket No. 16 at 3. The Court further ordered that, in the event the service attempt was unsuccessful, then a motion must

be filed providing additional information for the United States Marshal Service to attempt service again or specifying whether some other manner of service should be attempted. *Id.* at 3-4.

On August 8, 2016, the United States Marshal Service returned the summons as unexecuted, indicating that Defendant Ziemann no longer resided at the last-known address and that no forwarding address was provided. Docket No. 18. On August 18, 2016, Plaintiff filed a motion to extend the time for service. Docket No. 19. On September 8, 2016, the motion was denied without prejudice because Plaintiff failed to provide any further information regarding Defendant Ziemann for the United States Marshal Service to attempt service again, and also failed to identify any other method of alternative service. Docket No. 20.

On October 11, 2016, Plaintiff filed a further motion to extend the time to serve Defendant Ziemann, to serve Defendant Ziemann by alternative means, and to amend Plaintiff's complaint. Docket No. 21. On October 27, 2016, the Court provided an additional 60 days to effectuate service on Defendant Ziemann. Docket No. 22 at 1. The Court construed the filing as also including a request for the Nevada Attorney General's Office to file a notice whether it had any additional information as to Defendant Ziemann's whereabouts, and such relief was granted. *Id.* at 2, 3. The Court declined, however, to issue an order regarding potential alternative means of service:

> The pending motion asks the Court to determine a proper means by which to effectuate service for Plaintiff. *See, e.g.*, Docket No. 21 at 4 (asking the Court to "consider plausible options to complete service"). The Court declines to act as Plaintiff's attorney. Plaintiff must specify the relief he seeks, including the particular type of alternative service he seeks. Plaintiff must also explain why that relief would be proper.

Docket No. 22 at 2.

With respect to the aspect of Plaintiff's motion related to potential amendment, the Court denied that request without prejudice as not properly before the Court. *Id.* at 2. In particular, Plaintiff failed to comply with even the most basic aspects of seeking amendment, including attaching a proposed amended complaint. *Id.* As such, the Court instructed that, "[i]f Plaintiff wishes to amend his complaint, he shall file a 'Motion for Leave to Amend the Complaint' that attaches the proposed amended complaint that he seeks to file." *Id.* The Court did not express any opinion as to whether amendment would be allowed. *Id.*

3

On November 8, 2016, the Nevada Attorney General's Office filed a notice that it had no further information as to Defendant Ziemann's whereabouts. Docket No. 23.

More than four months later, on March 17, 2017, the Clerk of Court received a letter from Plaintiff seeking a status update on his case. Docket No. 24. Despite the Court's previous admonition that Plaintiff had to propose how to proceed with his own case, the letter sought the Court's "approbation to utilize one or more judicially viable options" to move the case forward. *Id.* Plaintiff did not (1) identify alternative methods to attempt to serve Defendant Ziemann or (2) file a motion to amend the complaint. The Clerk's Office rejected the letter as improper. *Id.*

Having no case activity for another three months, on June 22, 2017, the Court issued an order requiring Plaintiff to explain the status of his service attempts on Defendant Ziemann. Docket No. 25. On June 26, 2017, Plaintiff responded by requesting an order that the Nevada Department of Corrections accept service on behalf of Defendant Ziemann. Docket No. 26. On July 21, 2017, Plaintiff also filed a motion for leave to amend his complaint in light of his inability to move his case forward against Defendant Ziemann. Docket No. 27. These two motions are currently before the Court.

## II.   FAILURE TO SERVE DEFENDANT ZIEMANN

In a case involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be effectuated by the United States Marshal. *See, e.g.*, Docket No. 16 at 3. Nonetheless, it is ultimately the plaintiff's responsibility to obtain an address at which the defendant may be served by the Marshal. *See, e.g.*, *Bivins v. Ryan*, Case No. CV-12-1097-PHX-ROS (LOA), 2013 WL 2004462, at *3 (D. Ariz. May 13, 2013). Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. *See, e.g.*, *Himmelberger v. Vasques*, Case No. 98-20929 RMW (PR), 2009 WL 1011733, at *1 (N.D. Cal. Apr. 15, 2009). While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to *pro se* litigants"). Hence, as the Court advised Plaintiff in this case, it is his responsibility once the initial service attempt proved unsuccessful to file a motion "identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted." Docket No. 16 at 3-4.

In this case, the Marshal was unable to effectuate service on Defendant Ziemann at his last-known address because he had moved without providing a forwarding address. *See* Docket No. 18. Plaintiff then twice sought relief from the Court without specifying how he intended to effectuate service, and those motions were denied on that basis. *See* Docket No. 20 at 1; Docket No. 22 at 1-2.

Plaintiff has now filed a motion seeking an order requiring the Nevada Department of Corrections to accept service on behalf of Defendant Ziemann. Docket No. 26 at 2. The Court finds that alternative means of service to be improper. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). Defendant Ziemann is no longer employed by the Nevada Department of Corrections. *E.g.*, Docket No. 12 at 1. Moreover, the Nevada Department of Corrections has no contact information for Defendant Ziemann other than his last-known address, at which he no longer resides. *See* Docket No. 23-1. Given these circumstances, Plaintiff cannot effectuate service on Defendant Ziemann through the Nevada Department of Corrections. *See, e.g.*, *Greene v. Neven*, Case No. 3:07-cv-00474-LRH-VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 9, 2010), *adopted*, 2010 WL 1292598 (D. Nev. Mar. 30, 2010). As such, the instant request to order the Nevada Department of Corrections to accept service on behalf of Defendant Ziemann should be denied.[2]

In addition, Plaintiff has had ample time to effectuate service on Defendant Ziemann in this case and has been given instruction on how to go about doing that, but has failed to establish any potential means

---

[2] This result is not altered by the fact that Plaintiff sued Defendant Ziemann in both his individual and official capacities. Official capacity claims are limited to prospective injunctive relief. *See, e.g.*, *Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 71 n.10 (1989). Plaintiff's claims arise out of his custody at High Desert State Prison, Docket No. 2 at 3, but he is now housed at the Northern Nevada Correctional Center, *see* http://doc.nv.gov/Inmates/Home/ (inmate search last conducted on November 13, 2017); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts may take judicial notice of information on government websites). Claims for injunctive relief generally become moot when a prisoner is transferred to another facility. *See, e.g.*, *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). Although this issue was raised in the Attorney General's briefing, Docket No. 29 at 4-5, Plaintiff has not made any showing to defeat that same conclusion here, *see* Docket No. 30. Hence, Plaintiff's claims against Defendant Ziemann in his official capacity are subject to dismissal as moot.

5

by which to effectuate service. *See, e.g.*, Docket No. 27 at 4 (providing a "status report" that no additional address or viable alternative service methods could be identified). In these circumstances, further extensions of time to effectuate service are not warranted, and the claim against Defendant Ziemann should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See, e.g.*, *Bivins*, 2013 WL 2004462, at *3-4; *Greene,* 2010 WL 1300903, at *2-3; *Himmelberger*, 2009 WL 1011733, at *1.

### III.   MOTION FOR LEAVE TO AMEND (Docket No. 26)

As an alternative to his motion to effectuate service, Plaintiff also includes a statement that he should be permitted leave to amend his complaint. Docket No. 26 at 1. Despite the Court's instruction to the contrary, Docket No. 22 at 2, that motion fails to attach a proposed amendment. Docket No. 26. Moreover, the motion provides no argument or meaningful discussion as to why amendment should be allowed. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed). As such, this alternative motion should be denied.

### IV.   MOTION FOR LEAVE TO AMEND (Docket No. 27)

Plaintiff thereafter filed another motion for leave to amend his complaint to revive his claims against other Defendants. Docket No. 27. The deadline for Plaintiff to file an amended complaint expired on April 21, 2016. Docket No. 2 at 7. Hence, Plaintiff's motion includes an implicit, threshold request to extend that deadline. Whether to extend that deadline turns on whether Plaintiff has shown "good cause" for the extension. *See* Fed. R. Civ. P. 6(b)(1). "The Ninth Circuit has equated good cause with the exercise of due diligence." *See Maxson v. H&R Block, Inc.*, Case No. 2:16-cv-00152-APG-CWH, 2017 WL 1078633, at *2 (D. Nev. Mar. 21, 2017) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Godinez v. Law Offices of Clark Garen*, Case No. SACV 16-00828-CJC (DFMx), 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (citing, *inter alia*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). In particular, courts look to whether the deadline at issue could not reasonably be met despite the diligence of the party seeking the extension. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

In this case, diligence is lacking. Rather than being unable to meet the deadline as originally set, Plaintiff instead made a strategic decision to forego his opportunity to file an amended complaint. Docket No. 3. While Plaintiff may now regret that litigation decision given how the case has progressed, such

circumstances are antithetical to the required showing of diligence. *Cf. Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006) (strategic litigation decision not to comply with deadline showed a lack of diligence). Moreover, Plaintiff did not promptly reverse course. To the contrary, he waited another six months after the deadline expired before mailing the Court his first (defective) motion for leave to amend on October 6, 2016. Docket No. 21.[3]

In short, Plaintiff chose not to file an amended complaint when provided the opportunity to do so. He has failed to show the diligence required to extend that deadline, so the motion for leave to amend should be denied.

## V. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to compel service be **DENIED** and the claims against Defendant Ziemann be **DISMISSED** without prejudice for failure to effectuate service. The undersigned further **RECOMMENDS** that the motions for leave to amend the complaint be **DENIED**, and that this case be **CLOSED**.

Dated: November 14, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

---

[3] On October 27, 2017, the Court denied that motion and provided Plaintiff with an explanation as to the procedures that must be followed in order to seek leave to amend. Docket No. 22 at 2. Another nine months passed before Plaintiff filed the instant motion. Docket No. 27. It is not clear why such a long period lapsed prior to the filing of the instant motion, although Plaintiff mailed the Court a request for a status check on March 17, 2017, in which he asserts that "there has been a modicum of activity in the case" during the preceding period. *See* Docket No. 24. To ensure Plaintiff received notice of the Court's earlier order, the Court instructed the Clerk's Office to mail another copy to him. *See* Docket No. 25. At any rate, based on the circumstances through October 27, 2017, Plaintiff has not shown that he could not have filed an amended complaint by the initial deadline of April 21, 2016.

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).