# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LARRY GIBBS, JR., | Case No.: 15-cv-01958-GMN-NJK |
| Plaintiff, | **ORDER** |
| vs. | |
| DR. MARIA FEY, et al. | |
| Defendants. | |

Pending before the Court is the Objection, (ECF No. 32), filed by Plaintiff Larry Gibbs, Jr. ("Plaintiff") that objects to the Honorable Magistrate Judge Nancy J. Koppe's Report and Recommendation, (ECF No. 31). The Report and Recommendation recommends denying Plaintiff's Motion to Compel, (ECF No. 26), and Plaintiff's Motion for Leave to Amend his Complaint, (ECF No. 27), (collectively "Plaintiff's Motions"). Plaintiff timely filed this Objection.

Specifically, Judge Koppe recommends denying Plaintiff's Motion to Compel because "Plaintiff cannot effectuate service on Defendant Ziemann" even though "Plaintiff has had ample time to effectuate service on Defendant Ziemann in this case and has been given instruction on how to go about doing that, but has failed to establish any potential means by which to effectuate service." (Report and Rec. ("R.&R.") 5:14, 5:19–6:1).

Moreover, Judge Koppe recommends denying Plaintiff's Motion for Leave to Amend his Complaint because "diligence is lacking." (*Id.* 6:26). Specifically, "[r]ather than being unable to meet the deadline as originally set, Plaintiff instead made a strategic decision to forego his opportunity to file an amended complaint," and Plaintiff "chose not

to file an amended complaint when provided the opportunity to do so." (*Id.* 6:26–27, 7:6–7).

In accordance with Local Rule IB 3-2, the Court has reviewed the Objection and the prior Motions. Rather than address the merits of the Report and Recommendation, Plaintiff instead blames the Attorney General's office for failing to serve Defendant Ziemann and Plaintiff alleges the Attorney General's office has "furtively manipulated a grossly unfair tactical advantage in the case at bar." (Obj. 2:22–23).

However, the Court agrees with Judge Koppe in stating "[w]hile the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed." (R.&R. 4:22–24) (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (stating that "judges have no obligation to act as counsel or paralegal to pro se litigants")). Because Plaintiff has had multiple opportunities to attempt to properly serve Defendant Ziemann and has failed to do so, the Court agrees with Judge Koppe and holds that "further extensions of time to effectuate service are not warranted, and the claim against Defendant Ziemann should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (*Id.* 6:3–4).

Additionally, the Court agrees with Judge Koppe regarding Plaintiff's Motion for Leave to Amend his Complaint. Plaintiff made a strategic decision to not amend his Complaint in accordance with the deadline, and Plaintiff has failed to show diligence here.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 31), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections, (ECF No. 32), are overruled.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, (ECF No. 26), is **DENIED**. The claims against Defendant Ziemann are **DISMISSED without prejudice** for failure to effectuate service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File to Amend his Complaint, (ECF No. 27), is **DENIED**.

The Clerk of Court shall close the case.

**DATED** this __2__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge